UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,

Plaintiff,

Case No. 26-cv-876-pp

v.

UNKNOWN,

Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR SEAL AT INCEPTION AND FOR IMMEDIATE IN CAMERA CONSIDERATION (DKT. NO. 2) AND DIRECTING CLERK TO UNSEAL CASE, SCREENING "PRO SE EMERGENCY BILL IN EQUITY" (DKT. NO. 1) AND DISMISSING CASE**

---

This is the second of three cases recently filed by plaintiff TerrenceJamal Fitch, who is proceeding without an attorney. Rather than filing a complaint on the court's complaint form, the plaintiff typically files what he refers to as a "bill in equity," and he files it under seal. Fitch v. Lacroix, *et. al.*, Case No. 26-cv-856 (E.D. Wis.); Fitch v. Unknown, Case No. 26-cv-876 (E.D. Wis.); Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431 (E.D. Wis.). Each time he files a new case, he inundates the court with additional pleadings. In the last three months, the plaintiff has filed the following documents in this case: request for seal at inception and for immediate in camera consideration, dkt. no. 2; emergency transmittal notice and notice of special deposit for limited equitable purpose, dkt. no. 3; statement of conditions regarding special deposit for limited equitable purpose, dkt. no. 4; memorandum in support of emergency equitable presentment, dkt. no. 5; notice requesting equitable direction, dkt. no. 7; notice of corrected name styling and request to update

docket, dkt. no. 8; supplemental notice of material development, further threat of irreparable alteration of the defined *res*, and renewed request for expedited equitable consideration, dkt. no. 9; notice of limited access to electronic docket and request for notice of material docket activity, dkt. no. 10; notice of interest, dkt. no. 11; notice of pending completion of private estate administration and reservation of supplemental notice, dkt. no. 12; verified notice filing of authenticated state court records concerning the identified res, dkt. no. 13; and amended and supplemental bill in the nature of quia timet, dkt. no. 14.

This order directs the clerk to unseal the case, screens the "bill in equity" and dismisses the case for lack of subject-matter jurisdiction.

## I. Plaintiff's Request to Seal at Inception (Dkt. No. 2)

When the plaintiff filed his bill in equity, he filed an "Emergency Request for Seal at Inception and for Immediate In Camera Consideration." Dkt. No. 2. The clerk sealed the case when it was filed and it remains under seal. The plaintiff argues that "[t]his emergency presentment concerns a specifically defined res presently exposed to imminent risk of irreversible consummation, transfer, dispossession, confirmation, impairment, or other alteration absent immediate equitable preservation." Id. at 1. He states that "[p]remature public exposure, ordinary routing delay, or adversarial dissemination prior to initial equitable review may materially frustrate the preventative object of the accompanying emergency bill." Id.

In Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431 (E.D. Wis.), the court explained to the plaintiff that General Local Rule 79(d) (E.D. Wis.) governs motions to seal or restrict documents. Case No. 26-cv-1431, Dkt. No. 7 at 2-3. That order informed the plaintiff that a party seeking to restrict access to a document must attach to the document a separate motion to

restrict, which "must be publicly filed and must describe the general nature of the information withheld from the public record." Id. (citing General L.R. 79(d)(2)). The rule states that "[t]o the extent possible, the movant should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request" and that the motion "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(2), (3). The Local Rules mandate that "[a]bsent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." General L.R. 79(d)(3).

This court's Local Rules are consistent with the Seventh Circuit's position on generic motions to seal or restrict based on protective or confidentiality orders. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern. (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). That presumption can be rebutted for limited reasons, such as "to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." Id. (citations omitted). But the party seeking to seal or restrict the documents must "analyze the applicable legal criteria or contend that any document contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its importance to the resolution of the litigation." In Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002); see also Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy).

The plaintiff has not stated any reason why this case, or any of the documents in it, should be sealed. Nor has he complied with General L.R. 79(d). The court has reviewed the documents and finds no for restricting them from public view. The court will deny the motion and direct the clerk to unseal this case and the documents the plaintiff has filed in it.

**II. Screening**

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022). The court must decide whether the amended complaint raises claims that are legally "frivolous or malicious," that fail "to state a claim upon which relief may be granted" or that seek "monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A complaint filed by a self-represented litigant must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684–85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982)).

Although courts liberally construe their filings, self-represented litigants must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." A plaintiff need not plead every fact supporting his claims; he need only to give the defendant fair notice of the claims and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state viable claims against the defendant, the complaint must contain allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

A. Bill in Equity (Dkt. No. 1) and Additional Documents

The plaintiff filed an "Emergency Bill in Equity in the Nature of Quia Timet."[1] Dkt. No. 1. He alleges that he filed the bill to prevent the destruction, transfer, impairment or irreversible alteration "of a specifically defined res." Id. at 1. He explains that the "res" is a "specific parcel of real property presently under imminent threat of forced transfer, sale, impairment or irreversible alteration through ongoing enforcement activity" and he says that the res is not "speculative, abstract or contingent." Id. at 2.

In explaining his relationship to the res, the plaintiff says that he "does not appear as a stranger, volunteer or unrelated intermeddler." Id. at 3. He asserts that the threat is "neither hypothetical nor remote." Id. According to the plaintiff, he has made prior good faith efforts to preserve the *res* through "orderly presentment, notice, requests for preservation, conditional tender,

[1] The Law Dictionary defines *quia timet* as "[t]he technical name of a bill filed by a party who seeks the aid of a court of equity, because he fears some future probable injury to his rights or interests." www.thelawdictionary.org.

demands for verified accounting, supplemental filings, and continued efforts directed toward preventative equitable consideration." Id. at 4. The plaintiff states that he has made a deposit "tendered solely for the limited purpose of this emergency equitable presentment and subject to the conditions and limitations accompanying the deposit instrument." Id. at 5.

Among other things, the plaintiff seeks immediate preservation of the res; immediate restraint of any confirmation, transfer or sale of the res or any deed, restraint against dispossession, removal or eviction; an accounting; and "preservation of sealed treatment at inception." Id. at 5-6. He asks that the court review the matters *in camera* because "premature exposure of the present emergency application . . . may accelerate the threatened alteration of the res." Id. at 6.

In a separate document, the plaintiff identifies the "res" as property located at 1717 Deane Boulevard, Racine, Wisconsin 53405. Dkt. No. 1-1. He provides a parcel number and a legal description. Id. He attaches a "Certificate of Emergency Chronology and Prior Good-Faith Presentment" in which he outlines the sequence of events. Dkt. No. 1-2. According to the plaintiff, on October 10, 2025, a demand "was transmitted" seeking production of the original note. Id. at 1. The plaintiff issued a "Notice of Non-Response" on October 23, 2025. Id. On April 7, 2026, the plaintiff transmitted a "Notice of Pending Equitable Proceeding, Status and Demand for Verified Accounting." Id. The plaintiff filed a prior emergency equitable bill in the nature of *quia timet* on April 24, 2026. Id. "A special deposit was tendered in connection with the preservation effort" on May 4, 2026. Id. The plaintiff says that enforcement activity "appears to have proceeded" on May 5, 2026. Id. at 2. "On or about May 6, 2026, a separate bill for verified accounting was transmitted into the

foreclosure proceeding." Id. The "previously tendered special deposit was returned and rejected on May 13, 2026." Id. The plaintiff says that he remains in present possession of the *res*. Id.

On July 17, 2026, the plaintiff filed a "Supplemental Notice of Material Development, Further Threat of Irreparable Alteration of the Defined Res, and Renewed Request for Expedited Equitable Consideration." Dkt. No. 9. He states that the Racine County Sheriff's Office commenced execution of the writ by posting an eviction notice and that removal was scheduled for August 3, 2026 at 8:00 a.m. Id. at 1.

On August 13, 2026, the plaintiff filed a "Amended and Supplemental Bill in the Nature of a Quia Timet," stating that he intended "to bring before the Court additional material developments, additional persons or entities whose asserted interests or conduct now bear upon the res, and matters alleged to remain unresolved since the original presentment." Dkt. No. 14 at 1. He clarifies that he appears as "Grantee Absolute, Private Civilian, Heir and Beneficiary." Id. at 3 (bolding removed). He identifies Educators Credit Union and Mr. & Mrs. Multani LLC as purporting to have an interest in the *res*. Id. at 4. The plaintiff asks the court to examine the nature and the source of the interest claimed by Mr. & Mrs. Multani LLC and to determine whether valuable consideration actually was given for its interest. Id. at 5.

B. Discussion

The plaintiff has ten closed cases in this district.[2] One of those cases appears to be directly related to the pending bill in equity. On March 18, 2025,

[2] Fitch v. Paulson *et al.*, Case No. 25-cv-1486-LA (E.D. Wis.); Fitch v. Kaul, Case No. 24-cv-1134-LA (E.D. Wis.); Fitch v. Monahan, Case No. 21-cv-358-LA (E.D. Wis.); Fitch v. Educators Credit Union, Case No. 25-cv-416-LA (E.D. Wis.); Fitch v. Puetz, *et al.*, Case No. 23-cv-1448-LA (E.D. Wis.); Fitch v. State

the plaintiff removed to federal court a case filed by Educators Credit Union after Educators Credit Union initiated a foreclosure action in Racine County Circuit Court regarding the same property identified as the "res" in this case (1717 Deane Boulevard, Racine, Wisconsin 53405). On April 23, 2025, Judge Adelman determined that the removal was improper because there was no federal claim stated on the face of the complaint. Educators Credit Union v. Terrence Fitch, Case No. 25-cv-416 (E.D. Wis.), Dkt. No. 6. Judge Adelman also rejected the plaintiff's argument that there was diversity and remanded the case to the Racine County Circuit Court. Id. at 3.

On September 5, 2025, the Racine County Circuit Court entered default judgment. Educators Credit Union v. Terrence Fitch, Racine County Case No. 2025cv107 (available at https://wcca.wicourts.gov). On September 25, 2025, a party—presumably the plaintiff in this case—filed a motion to set aside and reconsider the foreclosure order. Id. On September 26, 2025, the Racine County Circuit Court denied that motion. Id. On May 4, 2026, the Racine County Circuit Court denied a request to stay the May 5, 2026 sheriff's sale. Id. Although the state court docket shows that the sale took place as scheduled, on July 31, 2026, someone—presumably plaintiff TerrenceJamal Fitch—filed a "notice of presentment and transmittal of equitable presentment package" and a "notice of appointment of withholding agent, preservation of trust res, and demand for verified accounting" in the Racine County case. Id.

---

of Wisconsin, Case No. 23-cv-252-LA (E.D. Wis.); Fitch v. Lacroix, Case No. 23-cv-82-LA (E.D. Wis.); Fitch v. McAdams, *et al.*, Case No. 22-cv-523-LA (E.D. Wis.); and Fitch v. TransUnion, Case No. 22-cv-514-PP (E.D. Wis.); Fitch v. Frank Boucher Chevrolet, Inc., Case No. 26-cv-1431-PP; Preservation of Equitable Documentary Record Concerning and Identifiable Res, Case No. 26-mc-33-JPS.

The plaintiff's "bill in equity"—really, his complaint—does not identify a claim. The court has reviewed the other documents the plaintiff has filed, which imply that he is challenging the state court foreclosure proceedings. The "identification of the defined res," which was filed with the "bill in equity", reveals that the plaintiff is seeking to preserve the same property that was the subject of foreclosure in Educators Credit Union, Racine County Case No. 2025cv107.

As this and other courts have explained to the plaintiff, federal courts are courts of limited jurisdiction. Frank Boucher Chevrolet, Case No. 26-cv-1431, Dkt. No. 7 at 9-10. Federal courts have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff has sued "unknown." Dkt. No. 1. Because he has not identified a defendant, it is difficult for the court to determine whether it has diversity jurisdiction. The amended "bill in equity" mentions Educators Credit Union. Educators is a Wisconsin chartered credit union. https://www.bankregreports.com/credit-unions/educators-credit-union-66448/. The plaintiff also is a citizen of Wisconsin, so there is no diversity between the plaintiff and Educators. The plaintiff also mentions Mr. & Mrs. Multani LLC—presumably the entity that bought the property at the sheriff's

sale. That entity is a Wisconsin limited liability corporation with its principal office in Oak Creek, Wisconsin. https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=M140861&hash=1885819729&searchFunctionID=194d80b1-518c-42ef-9610-7a6bb38b24ee&type=Simple&q=Mr.+%26+Mrs.+Multani. So there is no diversity between the plaintiff and Mr. & Mrs. Multani. The court concludes that it does not have diversity-based subject-matter jurisdiction.

Nor does the court have federal question jurisdiction because foreclosure proceedings are a matter of state law. Further, this federal court does not have jurisdiction to overturn the state court judgment of foreclosure. See Gilbank v. Wood C'nty Dep't of Hum. Servs., 111 F.4th 754, 765 (7th Cir. 2024) (*en banc*) (explaining that the Rooker-Feldman doctrine[3] prevents district courts from exercising appellate jurisdiction over state court judgments). Because the plaintiff is asking the court to review the question of who has rights to the property that was the subject of a state court foreclosure judgment, this federal court cannot exercise jurisdiction over the case.

Although the Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint, Felton v. City of Chicago, 827 F.3d 632, 636 (7th Cir. 2016), the court will dismiss this case because any amendment would be futile on the facts alleged. See Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

[3] "Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983)).

## III. Conclusion

The court **DENIES** the plaintiff's request for seal at inception and for immediate in camera consideration. Dkt. No. 2. The court **DIRECTS** the clerk to unseal this case.

The court **DISMISSES** this case for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**