UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCEJAMAL FITCH,

Plaintiff,

Case No. 26-cv-876-pp

v.

UNKOWN,

Defendant.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF JURISDICTIONAL DISPOSITION (DKT. NO. 20)**

---

On August 31, 2026, the court dismissed the plaintiff's *pro se* complaint—which he had titled an "Emergency Bill in Equity in the Nature of Quia Timet"—for lack of subject-matter jurisdiction. Dkt. No. 17. On September 30, 2026, the plaintiff filed a "Response to Order of August 31, 2026, and Request for Reconsideration of Jurisdictional Disposition." Dkt. No. 20. The plaintiff asks the court to reconsider its decision based on what he appears to believe is his amended complaint. See Dkt. No. 20 at 2 (citing Dkt. No. 14).

Because the plaintiff's request for reconsideration was filed thirty days following the entry of judgment, the court will construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The court will deny the plaintiff's motion.

## I. Discussion

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

None of Rule 60(b)'s enumerated grounds for relief from a judgment are applicable here other than the last one: "any other reason that justifies relief." The plaintiff says that he amended the initial complaint—the "Emergency Bill in Equity in the Nature of Quia Timet" (Dkt. No. 1)—in a document titled "Amended and Supplemental Bill in the Nature of Quia Timet." Dkt. No. 14. The court reviewed the amended complaint and concludes that the allegations in it do not change the court's determination that it lacks subject-matter jurisdiction.

As explained in the court's dismissal order, the plaintiff sued an "unknown" defendant, making it difficult for the court to determine whether

there was diversity of citizenship. Based on the plaintiff's complaint, the court surmised that the plaintiff's allegations referred to the foreclosure of a property located at 1717 Deane Boulevard in Racine, Wisconsin. Dkt. No. 17 at 8 (citing Educators Credit Union v. Terrence Fitch, *et al.*, Racine County Case No. 2025cv107 (available at http://wcca.wicourts.gov)). The two potential defendants identified in the complaint, Educators Credit Union and Mr. & Mrs. Multani LLC, are Wisconsin entities. Id. at 9-10. The plaintiff is a resident of Wisconsin as well, so the court determined that it lacked subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. §1332. Id. The plaintiff's complaint also did not allege a violation of federal law or the federal Constitution, so the court concluded that it did not have "federal question" jurisdiction under 28 U.S.C. §1331. Id. at 10. The court explained in its order that foreclosure proceedings are a matter of state law and that this federal court does not have jurisdiction to overturn a state court judgment of foreclosure. Id. (citing Gilbank v. Wood C'nty Dep't. of Hum. Servs., 111 F.4th 754, 765 (7th Cir. 2024) (*en banc*)).

The amended complaint asserts the same allegations regarding the property located at 1717 Deane Boulevard, the foreclosure and the two potential defendants, Educators Credit Union and Mr. & Mrs. Multani LLC. See Dkt. No. 14 at 3-5, 7. The amended complaint adds one additional potential defendant, Amy Vanderhoef, who is the Racine County Clerk of Circuit Court. Id. at 5-6, 20. The plaintiff alleges that Vanderhoef did not complete an

accounting that he had requested in certain "presentments" that he filed with the clerk's office. Id.

The plaintiff does not allege Vanderhoef's state residency, but her elected position as Clerk of Court in Racine County leads to the conclusion that she is a Wisconsin resident. See Wis. Stat. §59.20(1) (stating that to be eligible for county office, a person must be "an elector of the county"); Wis. Stat. §6.02(1) ("Every U.S. citizen age 18 or older who has resided in an election district or ward for 28 consecutive days before any election where the citizen offers to vote is an eligible elector."). Because Vanderhoef and the plaintiff both are residents of Wisconsin, this court does not have diversity-based subject-matter jurisdiction.

The court does not have "federal question" subject-matter jurisdiction either; the amended complaint does not assert any federal claims against Vanderhoef. Although the court need not, and does not, address the merits of the plaintiff's claims, the claims against Vanderhoef would not have merit. It appears that the only claim the plaintiff asserts concerning Vanderhoef is that she did not provide the "accounting" he demanded in the "presentments" he filed in the foreclosure case. See Dkt. No. 14 at 5-6, 16, 20. But she filed the plaintiff's documents, placing his accounting demands before the circuit court in the foreclosure proceeding. Because Vanderhoef filed the plaintiff's documents with the court, the plaintiff cannot show that Vanderhoef interfered with or frustrated his ability to present his claims to the circuit court. See Harer v. Casey, 962 F.3d 299, 308 (7th Cir. 2020) (stating elements of an

access-to-court claim: "(1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement").

Because the court does not have subject-matter jurisdiction, it has no basis for granting relief from the judgment under Rule 60(b).

## II. Conclusion

The court **DENIES** the plaintiff's request for reconsideration. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 5th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**